## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| OAKLAND TACTICAL SUPPLY, LLC, JASON RAINES, MATTHEW REMENAR, & SCOTT FRESH | Case No. 18-cv-13443-BAF-DRG (Hon. Bernard A. Friedman) |
| Plaintiffs | **FIRST AMENDED COMPLAINT** |
| v. | |
| HOWELL TOWNSHIP a Michigan general law township | |
| Defendant | |

## <u>FIRST AMENDED COMPLAINT</u>

**COMES NOW** the Plaintiffs, Oakland Tactical Supply, LLC, Jason Raines, Matthew Remenar and Scott Fresh by and through undersigned counsel, and complains of the Defendant, Howell Township, as follows:

1.     This is an action to vindicate the rights of the people of the State of Michigan to keep and bear arms under the Second Amendment to the United States Constitution, which prohibits infringement of the right of law-abiding citizens to possess firearms for defense of self and family and for other lawful purposes.

2.     Such lawful purposes include the right to operate firearms at a range, for purposes of learning about firearms, safely gaining proficiency with firearms, obtaining any training required as a condition of firearms ownership, hunting, recreation, and competition; and the right to own and operate a range for these purposes.

3.     Howell Township has prohibited the siting, construction, and operation of shooting ranges in the town through its zoning regulations by failing to provide or allow any designated

areas within the town wherein the siting, construction, or operation of a shooting range would be permissible.

4.     Through its actions and inactions, Howell Township has infringed the rights of Oakland Tactical Supply, LLC ("Oakland") to site, construct, and operate a shooting range within the borders of Howell Township, effectively banning all firearms ranges within the township.

## THE PARTIES

5.     Plaintiff Oakland is a Michigan limited liability company and a firearms retailer, with a retail store in Hartland Township, Livingston County, Michigan.

6.     Oakland plans to build an extensive outdoor shooting range facility for both private and public use in Howell Township, Michigan.

7.     Oakland has entered into a lease for 352 acres of former rock quarry land for the express purpose of operating one or more outdoor shooting ranges to provide a safe location for residents in the area to practice target shooting for self-defense and other lawful purposes, including but not limited to a long distance 1,000 yard range and a public access range on Fleming Road in Howell Township (the "Property").

8.     Plaintiff Scott Fresh is a natural person and a citizen of the United States residing in Livonia, Michigan. Mr. Fresh would like to participate in long-range competitive target shooting; however, he currently would have to travel 4.5 hours to reach a long-distance shooting range. This distance is too far for Mr. Fresh, so he is unable to engage in training in the proficient use of long-range firearms. The range that Oakland wishes to open would be convenient for him for this purpose as well as for practicing target shooting at shorter distances.

9.     Plaintiff Jason Raines is a natural person and a citizen of the United States residing in Howell Township, Michigan.   Mr. Raines has had multiple surgeries due to back injuries and

engaging in the shooting sports is one of the few competitive activities in which he can still engage. Mr. Raines would like to participate in long-range competitive shooting, but there are currently no feasible locations. Travelling takes a toll on his back injuries.   Mr. Raines is also a hunter and would like to improve his long-range shooting skills to improve his ability to make a humane kill.   If a facility were available, Mr. Raines would undertake training to become a long-range shooting instructor and train future generations in long-range shooting.   The range that Oakland wishes to open would be convenient for him for these purposes as well as for practicing target shooting for self-defense and other lawful purposes.

10.     Plaintiff Matthew Remenar is a natural person and a citizen of the United States residing in Rochester Hills, Michigan.   Mr. Remenar has engaged in long-range target shooting over the past seven years and would like to engage in long-range shooting competitions. To participate in long-range target shooting, Mr. Remenar must travel 1.5 hours to state land that allows shooting. This location is vacant land.   Mr. Remenar and his friends must setup the targets on their own, must hike a significant distance from the firing line to the target location to change targets and tally scores. Due to the distance and difficulty in setting up the range and practicing, Mr. Remenar only participates in long-range shooting about once per year. Other developed ranges are more than a three hour drive for Mr. Remenar. The distance and difficulty in practicing prevent Mr. Remenar from competitive long-range shooting. The range that Oakland wishes to open would be convenient for him for this purpose as well as for practicing target shooting for self-defense and other lawful purposes.

11.     Defendant Howell Township is a political subdivision of and municipal entity organized under the Constitution and laws of the State of Michigan.

3

## JURISDICTION AND VENUE

12.     Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under of color of the laws, statutes, ordinances, regulations, customs and usages of Howell Township, of rights, privileges or immunities secured by the United States Constitution. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983.

13.     Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

Shooting Ranges' Role in American Tradition and Michigan's Safety Policy

14.     Familiarity with firearms, and proficiency in their use, promotes public safety.

15.     Firearms owners trained in and familiar with the operation of their firearms are less likely to be involved in accidental shootings, and more likely to successfully use their firearms in self-defense in case of need.

16.     Recreational shooting is a traditional lawful use of firearms in the United States.

17.     The promotion of civilian marksmanship has been a priority of the federal government throughout American history, beginning with the Second Militia Act of 1792 and continuing through today with the modern implementation of the Civilian Marksmanship Program through the federally-chartered Corporation for the Promotion of Rifle Practice and Firearms Safety, 36 U.S.C. §§ 40701, et seq.

18.     "The functions of the Civilian Marksmanship Program are—(1) to instruct citizens of the United States in marksmanship; (2) to promote practice and safety in the use of firearms; (3) to conduct competitions in the use of firearms and to award trophies, prizes, badges, and other

4

insignia to competitors; (4) to secure and account for firearms, ammunition, and other equipment for which the corporation is responsible; (5) to issue, loan, or sell firearms, ammunition, repair parts, and other supplies under sections 40731 and 40732 of this title; and (6) to procure necessary supplies and services to carry out the Program." 36 U.S.C § 40722.

19.    The State of Michigan recognizes the value of, and promotes through public policy, the development of firearms training and proficiency in the use of firearms. The State of Michigan mandates, as a condition of possessing a pistol, that all individuals successfully complete an appropriate pistol safety training course or class with a minimum of eight hours of instruction. The program must be certified by the state or a national or state firearms training organization, and must provide at least three hours of instruction on a firing range.

20.    Michigan residents wishing to lawfully possess handguns must first obtain a Concealed Pistol License ("CPL"). Mich. Comp. Laws § 28.422.

21.    An application for a CPL "must include . . . (h) A certificate stating that the applicant has completed the training course prescribed by this act." Mich. Comp. Laws § 28.425b. The course must consist of ". . . not less than 8 hours of instructions and . . . (a) . . . certified by this state or a national or state firearms training organization, . . . (b) The program provides at least 3 hours of instruction on a firing range and requires firing at least 30 rounds of ammunition." Mich. Comp. Laws § 28.425j.

22.    The State of Michigan encourages the recreational use of firearms and shooting ranges through the development of public shooting ranges. The Michigan Department of Natural Resources ("DNR") receives federal grant monies, which it uses to support improvements to shooting ranges throughout Michigan. *See* "Federal funding boosts DNR's efforts to improve public shooting ranges throughout Michigan" (June 13, 2018),

https://www.michigan.gov/som/0,4669,7-192-47796-470854--,00.html, (last visited July 2, 2018). "The U.S. Fish and Wildlife Service recently approved a total of $1.25 million over a five-year period for the Department of Natural Resources to provide up to 75 percent of funding for improvements to partner shooting ranges throughout Michigan." *Id*. The DNR's website refers to its staffed ranges as a "fun, safe shooting environment for you and your friend and family," the use of which it encourages.

23.     There are approximately 327,000 rifle target shooters and 638,000 hunters within a 100 mile radius of the Property.

24.     There is a shortage of ranges available to the public in the Howell Township area.

25.     Indoor ranges in the nearby City of Howell are often unable to meet the public demand for range time and they do not provide opportunities for rifle practice.

26.     There are no shooting ranges in Howell Township open to the public.

27.     The nearest public range is the Island Lake Shooting Range operated by Michigan Department of Natural Resources in Green Oak Township, Michigan, which is approximately a 30 minute drive by car. The Island Lake range charges fees that are considered by users very high ($40.00/per shooting session, at this time) and it is unable to meet current demand, as there are often long waiting lines to shoot. The Island Lake range offers rifle shooting only out to a distance of 100 yards.

**Howell Township Regulation of Firearms Ranges, Recreational Shooting, and Firearms Training**

28.     Howell Township adopted zoning regulations known as the Howell Township Zoning Ordinances on January 8, 1983, "pursuant to Public Act 110 of 2006 (MCLA 125.3101 - 125.3701), and insofar as it is applicable, Public Act 33 of 2008 (MCLA 125.3801 - 125.3885), as amended, of the State of Michigan." (Howell Township, Ord. No. 1 eff. Jan. 8, 1983, further

amended by Ord. No. 202 eff. Dec. 21, 2006.)

29.     The Howell Township Zoning Ordinances are permissive zoning regulations,

which prohibit any use not specifically listed:

> "Uses are permitted by right only if specifically listed as principal permitted uses in the various zoning districts or is similar to such listed uses. Accessory uses are permitted as listed in the various zoning districts or if similar to such listed uses, and if such uses are clearly incidental to the permitted principal uses. Special uses are permitted as listed or if similar to the listed special uses and if the required conditions are met." (Howell Township, Ord. No. 1 eff. Jan. 8, 1983; amend. by Ord. No. 97 eff. Feb. 23, 2000.)

30.     The Howell Township Zoning Ordinances explicitly reference "rifle ranges" under

the definition of "open air business uses". (Howell Township, Ord. No. 271 eff. Oct. 3, 2017.)

31.     The Howell Township Zoning Ordinances, however, do not allow Open Air

Business Uses, either by right or as a special use, in any zone in Howell Township.

32.     The Howell Township Zoning Ordinances regulate approximately 20,000 acres of

land area in the unincorporated portions of Howell Township, Livingston County, Michigan.

33.     Of the approximately 20,000 acres regulated by the Howell Township Zoning

Ordinances, the only district providing for stand-alone recreational facilities (ones not connected

to other permitted uses in the zone) is the Highway Service Commercial District ("HSC District")

consisting of 7 parcels with a total area of less than 30 acres.

34.     The purpose of the HSC District is:

> "The highway service commercial district is designed to provide for servicing the needs of highway traffic at the interchange areas of public roads and highway facilities. The avoidance of undue congestion on public roads, the promotion of smooth traffic flow at the interchange area and on the highway, and the protection of adjacent properties in other districts from the adverse influences of traffic are prime considerations in the location of this district." (Howell Township, Ord. No. 1 eff. Jan. 8, 1983.)

35.     Permitted principal uses in the HSC District are:

> "A. Vehicle service and repair stations for automobiles, trucks, busses and trailers. See Section 14.34.

7

B. Emergency facilities related to highway travelers.

C. Parking garages and parking areas.

D. Parking areas, if enclosed by a six (6) foot high fence, wall or berm. All berms shall be completely planted with grass, ground covers, shrubs, vines and trees.

E. Bus passenger stations.

F. Retail and service establishments providing foods and services which are directly needed by highway travelers.

G. Transient lodging facilities, including motels and hotels." (Howell Township, Ord. No. 1 eff. Jan. 8, 1983)

36.     The HSC District is highly developed serving the principal uses, with only a few acres of undeveloped land available and significantly less area than that required for a safe, long-distance rifle range.

37.     "[O]pen land uses such as for (1) recreation, including hunting and fishing, hiking, outdoor camping and related activities. . . ." are permitted without requiring a zoning permit in "Wetland Areas." (Howell Township, Ord. No. 1 eff. Jan. 8, 1983; Amend. by Ord. No. 97 eff. Feb. 23, 2000; further amend by Ord. No. 265 eff. April 28, 2015.)

38.     The Howell Township Zoning Ordinances require a permit from the Michigan DEQ and approval from the Planning Commission in Wetland Areas "when any building or structure is proposed to be built as accessory to a permitted use or when the physical characteristics of the natural environment are significantly changed or the natural resources are to be extracted and removed from the area, including the removal of topsoil, organic material, wildlife, minerals, sand and gravel and vegetation." (Howell Township, Ord. No. 1 eff. Jan. 8, 1983; Amend. by Ord. No. 97 eff. Feb. 23, 2000; further amend by Ord. No. 265 eff. April 28, 2015.)

39.     The U.S. Environmental Protection Agency has published guidance known as "Best Management Practices for Lead at Outdoor Shooting Ranges," EPA-902-B-01-001, Revised June 2005 ("EPA's BMPs") (available at https://www.epa.gov/sites/production/files/documents/epa_bmp.pdf).

40.     EPA's BMPs discourage siting outdoor shooting ranges into or over wetland areas: "**It is essential that these ranges change the direction of shooting, to avoid shooting over or into wetlands or other navigable waters of the United States, and initiate lead removal and recycling activities, where feasible.**" (EPA's BMP, p.I-11, emphasis in original.)

41.     In 2017, the Howell Township zoning staff advised Oakland's managing member, Michael Paige, that Oakland could not apply for a permit for a rifle range located on the Property because the Agricultural Residential District ("AR District") does not allow open air business uses, shooting ranges, or rifle ranges.

42.     Howell Township zoning staff advised Oakland to apply for a text amendment to the Howell Township Zoning Ordinances to allow shooting ranges in the AR Zoning District.

43.     On August 29, 2017, Mike Paige submitted an Application for Amendment to Zoning Ordinance/Map for the Property (the "Application") on the form prepared by Howell Township and paid the $1,000 application fee.

44.     On September 26, 2017, the Howell Township Planning Commission approved a motion "to set public hearing on October 24, 2017 for a text amendment to allow the use of open air business on "AR" land and the proximity to the commercial district at Burkhart Road and Grand River."

45.     During the October 24, 2017 public hearing, the following exchanges between Planning Commission Chairman Sloan and other board members were recorded in the meeting minutes:

> "4) As far as right out denial of any text amendment of this nature, are we concerned as far as exposure, where it relates to any constitutional rights? (This use is considered in the Zoning Ordinance in other districts. So it would not be exclusionary. There are options that can still be considered for this.) 5) Is there any zoning that will permit a commercial gun range in Howell Township? (It is listed in Open Air Businesses that are permitted in other districts.)"

46.    On October 24, 2017, Howell Township Planning Commission voted "to recommend to the Township Board to deny the text amendment changes as presented."

47.    On November 13, 2017, the Howell Township Board of Trustees held a public hearing to consider the Planning Commission's October 24, 2017, recommendation.

48.    The minutes of the November 13, 2017 public hearing, reflect Livingston County Sheriff Mike Murphy's support for the text amendment: "His officers' practice shooting at least once a month. They do not have the long range availability right now. He thinks this would be a great opportunity for a great facility."

49.    On November 13, 2017, the Howell Township Board of Trustees voted in favor of the following motion: "based on the information provided by the Township Planner, the recommendation of the Planning Commission and the input of the public, to keep the "AR" zoning text as is." By that decision, the Board prohibited Oakland from opening the subject shooting range.

50.    Oakland reasonably believes that the Township will enforce the zoning laws against it if it operates a shooting range on the property, and on February 14, 2019 the Township's counsel warned Oakland's counsel against Oakland shooting on the Property based on reports of shooting noises emanating from the Property.

**The Impact of Howell Township's Shooting Range Prohibition on Plaintiffs and the Public**

51.     If allowed to do so under Howell Township Zoning Ordinance, Oakland would forthwith construct, open, and operate a shooting range within Howell Township, to further its purposes of promoting the shooting sports and self-defense, educating the public about firearms, training individuals to become better and safer shooters, enabling individuals to comply with training requirements such as those enacted by the State of Michigan, and generally serving its members.

52.     If allowed to do so under Howell Township Zoning Ordinance, Oakland would provide training and certifications required by individuals to obtain a Michigan CPL. It would also offer and make available shooting activities of the type promoted by the Civilian Marksmanship Program.

53.     Oakland has incurred costs to date of $57,983.25 attempting to site a shooting range on the Property.

54.     Oakland has lost revenue of approximately $500,000.00 as a result of Howell Township's Zoning Ordinances.

55.     Mr. Remenar would engage in long range target shooting and other shooting activities within Howell Township on a regular basis for training and competition if one were made available to him.

56.     Mr. Raines would engage in long range target shooting and other shooting activities within Howell Township on a regular basis for training and competition if one were made available to him.

57.     Mr. Fresh would engage in long range target shooting and other shooting activities within Howell Township on a regular basis for training and competition if one were made

11

available to him.

## COUNT I
## RIGHT TO KEEP AND BEAR ARMS
## U.S. CONST., AMENDS. II AND XIV

58.     Paragraphs 1 through 56 are incorporated as though fully stated herein.

59.     The Second Amendment to the United States Constitution provides that "the right of the people to keep and bear arms, shall not be infringed."   The Second Amendment is applicable to the States, including defendant herein, through the Fourteenth Amendment.

60.     The U.S. Supreme Court held in *District of Columbia v. Heller*, 554 U.S. 570, 628-29 (2008), that "the inherent right of self-defense has been central to the Second Amendment right." The right to keep and bear arms for self-defense, hunting, and other lawful purposes includes the right to safely practice, train, and maintain proficiency with firearms.

61.     The Second Amendment secures the right to operate and practice with firearms at a range, for purposes including learning about firearms, safely gaining proficiency with firearms, obtaining any training required as a condition of firearms ownership, recreation, hunting, and competition.

62.     In order to make possible the exercise of rights thereunder, the Second Amendment protects the right of the people, including Plaintiff, to own, construct, and operate a range for these purposes.

63.     Facially and as applied, Howell Township's laws effectively ban the operation of rifle ranges and other shooting ranges, thereby prohibiting numerous traditional lawful uses of firearms that the Second Amendment protects. The shooting range ban and associated laws also impede firearm ownership itself by frustrating compliance with Michigan's CPL program, disallowing the opportunity to participate in activities promoted by the Civilian Marksmanship

Program, and barring access to information and experience inherently necessary to the exercise of Second Amendment rights.

64.     But for the shooting range ban and the aforesaid actions of Defendant, Plaintiff would forthwith build, construct, open, offer the use of, and operate the proposed range, thereby allowing members of the public the use thereof for the purposes described herein.

65.     By banning shooting ranges in Howell Township, Defendant currently under color of law deprives individuals, including the Plaintiffs, of their right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution. Defendant will continue to do so in the future unless the relief sought herein is granted.

66.     Defendant's actions described herein, by denying approval to build, open, and operate a range, have proximately caused Plaintiff to suffer lost profit and other monetary damages.

67.     Plaintiffs are therefore entitled to declaratory relief, compensatory damages, and preliminary and permanent injunctions against continued enforcement and maintenance of Defendant's unconstitutional customs, policies, and practices described herein.

## **PRAYER FOR RELIEF**

Plaintiffs request that judgment be entered in their   favor and against Defendant as follows:

1.     A declaratory judgment that Defendant's aforesaid actions have deprived and will continue to deprive Plaintiffs of rights under the Second Amendment;

2.     Compensatory damages in an amount to be determined by the jury;

3.     An order permanently enjoining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing Howell Township Zoning Ordinances barring operation of

13

shooting ranges open to the public;

      4.     An order permanently enjoining Defendant, its officers, agents, servants,

employees, and all persons in active concert or participation with them who receive actual notice

of the injunction, from enforcing any law against the ordinary operation and use of shooting ranges

open to the public;

      5.     Attorney Fees and Costs pursuant to 42 U.S.C. § 1988 or other pertinent provisions

of law; and

      6.     An order granting such further relief as the Court deems just and appropriate.


JURY TRIAL DEMANDED


      Dated:   June 6, 2019

                                  Respectfully submitted,

                                  Matthew Hagerty, Esq. (Attny ID #: P66015)
                                  Myers & Myers, PLLC
                                  915 North Michigan Ave., Suite 200
                                  Howell MI 48843
                                  Phone: 517-540-1700
                                  Fax: 517-540-1701
                                  mhagerty@myers2law.com

                                  Martha A. Dean, Esq. (admitted 12/06/18)
                                  Law Offices of Martha A. Dean, LLC
                                  144 Reverknolls
                                  Avon, CT 06001
                                  Phone: 860-676-0033
                                  Fax: 860-676-1112
                                  mdean@mdeanlaw.com


                                  By: /s/ Matthew M. Hagerty
                                      Matthew M. Hagerty

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2019, I electronically filed the foregoing First Amended Complaint with the Clerk of the Court using the ECF system upon all attorneys of record.

William K. Fahey (P27745)
John S. Brennan (P55431)
Christopher S. Patterson (P74350)
FAHEY SCHULTZ BURZYCH RHODES, PLC
Attorneys for Defendant
4151 Okemos Road
Okemos, Michigan 48864
(517) 381-3150
wfahey@fsbrlaw.com
jbrennan@fsbrlaw.com
cpatterson@fsbrlaw.com

Thomas R. Meagher (P32959)
FOSTER, SWIFT, COLLINS & SMITH, P.C.
Co-Counsel for Defendant
313 W. Washington Square
Lansing, Michigan 48933
(517) 371-8161
tmeagher@fosterswift.com

By:   /s/ Matthew M. Hagerty
      Matthew M. Hagerty (P66015)
      MYERS & MYERS, PLLC
      915 N. Michigan Avenue, Suite 200
      Howell, Michigan 48843
      (517) 540-1700
      mhagerty@myers2law.com

15