UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OAKLAND TACTICAL SUPPLY LLC, et al.,

    Plaintiffs,                                     Civil Action No. 18-CV-13443

vs.                                                   HON. BERNARD A. FRIEDMAN

HOWELL TOWNSHIP,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is presently before the Court on (1) defendant's motion to dismiss [docket entry 60] and (2) plaintiffs' motion for summary judgment [docket entry 61]. Both motions have been fully briefed. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant defendant's motion and deny plaintiffs' motion as moot.

This case involves a zoning dispute that, plaintiffs claim, implicates their Second Amendment rights. Plaintiff Oakland Tactical Supply LLC ("Oakland Tactical"), a firearms retailer located in Howell, Michigan, alleges that it desires to construct "one or more outdoor shooting ranges to provide a safe location for residents in the area to practice target shooting for self-defense and other lawful purposes, including but not limited to a long distance (e.g. 1,000 yard) range for qualified shooters and public access rifle, shotgun and handgun ranges" on property it leases in Howell Township, Michigan. Second Am. Compl. ("SAC") ¶ 6. The five individual plaintiffs are gun owners who would use Oakland Tactical's proposed facility if it were to be constructed. *Id.* ¶¶ 7-15, 60-64. The Howell Township zoning ordinance allegedly "does not allow open air business uses, shooting ranges, or rifle ranges" on property zoned

Agricultural Residential ("AR"), and the property in question is zoned AR. *Id.* ¶ 46. An application submitted by one of Oakland Tactical's members for a "text amendment" that would permit shooting ranges to be constructed in the AR district was denied by the Howell Township Board in November 2017. *Id.* ¶¶ 47-48, 54. Plaintiffs also allege that no public outdoor shooting ranges exist in Howell Township and that the closest such range, located at a state recreation area in Green Oak Township, is about a thirty-minute drive by car from Oakland Tactical's property. *Id.* ¶¶ 31-32. For various reasons, the individual plaintiffs find the Green Oak Township location, and the other shooting ranges located elsewhere, to be inconvenient or inadequate for their purposes, and they would prefer the facility Oakland Tactical would like to construct in Howell Township.

Plaintiffs claim that defendant Howell Township has, by prohibiting Oakland Tactical from constructing a shooting range, denied them their rights under the Second Amendment. The individual plaintiffs claim that defendant has infringed on their Second Amendment rights because this amendment affords them "the right to operate and practice with firearms at a range, for purposes including learning about firearms, safely gaining proficiency with firearms, obtaining any training required as a condition of firearms ownership, recreation, hunting, and competition." *Id.* ¶ 68. Oakland Tactical claims that defendant has violated its Second Amendment right "to own, construct, and operate a range for these purposes." *Id*. ¶ 69. *See also id.* ¶ 4 ("Howell Township has infringed the rights of Oakland Tactical Supply, LLC . . . to site, construct, and operate a shooting range within the borders of Howell Township, effectively banning all firearms ranges within the township, and the rights of the individual Plaintiffs to practice for lawful purposes with firearms."). For relief, plaintiffs seek a

declaration that "Defendant's aforesaid actions have deprived and will continue to deprive Plaintiffs of rights under the Second Amendment"; damages; an injunction enjoining enforcement of ordinances "barring operation of shooting ranges open to the public" or of "any law against the ordinary operation and use of shooting ranges open to the public"; plus costs and attorney fees.

Defendant seeks dismissal of the complaint on a number of grounds, but the Court is persuaded that the complaint should be dismissed for failure to state a claim because defendant violated none of plaintiffs' Second Amendment rights by denying the requested zoning amendment at issue.

The starting point is the requested amendment itself, a copy of which is attached to plaintiffs' summary judgment motion as an exhibit. *See* PageID.1648-49.[1] The text amendment application was submitted by non-party Mike Paige, a member of Oakland Tactical. Paige's "application for amendment to zoning ordinance / map," dated August 29, 2017, requested the following change to the Howell Township zoning ordinance: "Allow for shooting range[]s in AG [sic: AR] District." The minutes of the Howell Township Board's November 13, 2017, meeting indicate that the board voted against the proposed amendment (6-0) "based on

---

[1] Ordinarily the Court may not consider matters outside the pleadings in deciding a motion to dismiss for failure to state a claim or for judgment on the pleadings. *See* Fed. R. Civ. P. 12(d). However, the Court may consider the text amendment application in deciding defendant's motion because this document is referenced in the complaint and is central to plaintiffs' claims. *See Yeldo v. MusclePharm Corp.*, 290 F. Supp. 3d 702, 708 (E.D. Mich. 2017); *Simmons v. Wayne Cty. Cmty. Coll. Dist.*, No. 11-CV-14936, 2014 WL 764632, at *4 n.1 (E.D. Mich. Feb. 25, 2014). The Court may also consider matters of public record. *See McLaughlin v. CNX Gas Co.*, LLC, 639 F. App'x 296, 298-99 (6th Cir. 2016); *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010).

the information provided by the township planner, the recommendation of the planning commission and the input of the public." Def.'s Mot. to Dismiss, Ex. 3 at 4 (PageID.1266). The minutes of the Howell Township Planning Commission's October 24, 2017, meeting, in turn, indicate that the commission voted 5-0 to recommend that the township board "deny the text amendment changes as presented." *Id.* Ex. 2 at 7 (PageID.1261). Also according to these minutes, the township planner, Paul Montagno, provided the planning commission with the following information at that meeting:

> This is a proposed Text Amendment to the Township Zoning Ordinance by petitioner Mike Paige. He is requesting the Zoning Ordinance be amended to allow for shooting ranges in the Agricultural Residential "AR" District. The petitioner has indicated that he is interested in establishing a 1000' shooting range on a roughly 300 acre parcel of land on Fleming Road north or Warner Road in Section 17. Although the petitioner has interest in a particular parcel, the application for this Public Hearing is for the Text Amendment. Any permitted use change that is made to the "AR" District will be applied across all parcels with the "AR" Districts. . . . Within the Howell Township "AR" District there are approximately 13,500 acres.

*Id.* Ex. 2 at 2 (PageID.1256). One of the commissioners noted that approximately 65% of the land within the township is zoned AR. *Id.* Ex. 2 at 7 (PageID.1261).

> In his written report to the planning commission, Montagno explained:
>
> [W]hile the applicant is interested in the ability to develop a specific piece of land and has specific plans for this land, the current petition is for an amendment to the permitted uses in the AR district. If a text amendment were approved, this would affect all land zoned AR. If the text amendment were approved as present [sic], shooting ranges would be a permitted use in the AR district. A site plan would be required for the development of any land, but if the proposed plans met the dimensional regulations of the Zoning Ordinance the plans must be approved. This would be true for any land within the [AR] district. There are approximately 13,500 acres of land within the Township within an AR zoning

district.

Pls.' Summ. J. Br., Ex. 9B (PageID.1651-52).

Plaintiffs have cited no cases that support the proposition that a local government, such as Howell Township, is required by the Second Amendment to grant a request to change its zoning ordinance such that the construction and use of shooting ranges must be permitted anywhere within that governmental entity's boundaries with a particular zoning designation. In the present case, the requested amendment was so expansive that it would have applied not only to Oakland Tactical's 352-acre parcel but to *the entire AR district*, which comprises 13,500 acres (21 square miles) or 65% or more of the township's land.[2] Additionally, as the township's zoning planner explained, if the zoning ordinance had been amended as requested, the township would have been obligated to permit any shooting range anywhere in the AR district, provided it met "dimensional regulations" (e.g., setback requirements), because the amendment would make shooting ranges a permitted use, as opposed to a conditional use, for all land zoned AR.

The cases on which plaintiffs rely do not come close to suggesting that the Second Amendment requires such a result. Plaintiffs cite cases for the proposition that the Second Amendment encompasses the right to posses firearms in the home for self-defense purposes. *See, e.g., McDonald v. City of Chicago*, 561 U.S. 742 (2010) (invalidating city ordinances banning the possession of all firearms); *Dist. of Columbia v. Heller*, 554 U.S. 570 (2008) (invalidating ban on handguns in the home unless unloaded or trigger-locked). Plaintiffs also cite *Tyler v. Hillsdale Cty. Sheriff's Dep't*, 837 F.3d 678 (6th Cir. 2016), in which the court of appeals permitted a case to

---

[2] If the AR district comprises 13,500 acres, and "approximately 20,000 acres [are] regulated by the Howell Township Zoning Ordinances," SAC ¶ 38, then Paige's requested zoning amendment actually would affect 67.5% of the township's land area.

5

proceed that challenged a statute banning gun ownership for those with a history of mental illness. The only cases plaintiffs cite that concerned shooting ranges are the two *Ezell* cases from the Seventh Circuit, *Ezell v. City of Chicago*, 846 F.3d 888 (7th Cir. 2017), and *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011), which invalidated Chicago's ordinances banning, or severely restricting, all shooting ranges in the city while also requiring gun owners to train at a shooting range as a condition of obtaining a gun permit. The Seventh Circuit stated that Chicago's "firing-range ban . . . is a serious encroachment on the right to maintain proficiency in firearm use, an important corollary to the meaningful exercise of the core right to possess firearms for self-defense." *Ezell*, 651 F.3d at 708. In the later decision, the Seventh Circuit similarly indicated that "[r]ange training . . . lies close to the core of the individual right of armed defense." *Ezell*, 846 F.3d at 893.

None of the cases plaintiffs cite, and none of which the Court is aware, suggest that a municipality must permit a property owner (or a property lessee) to construct, and for interested gun owners to use, an outdoor, open-air, 1,000-foot shooting range, such as plaintiffs propose. Nor have plaintiffs cited a single case that suggests Howell Township must change its zoning ordinance to permit the construction and use of such a facility as a matter of right anywhere within the AR district, which in this case comprises fully two-thirds of the township's land. The claimed right simply is not encompassed by the Second Amendment.

In the wake of the *Ezell* cases, a ban on all shooting ranges might raise Second Amendment concerns. But plaintiffs have failed to allege plausibly that Howell Township has instituted such a ban. Although shooting ranges are not a permitted use within the AR district, Oakland Tactical does not allege that it ever sought permission to construct a shooting range on the specific piece of property it leases. It might have done so by seeking conditional rezoning of that

parcel, *see* Mich. Comp. Laws § 125.3405; or by applying for a special use permit, *see* Howell Township Zoning Ordinance, Art. XVI.³ Oakland Tactical does not allege that it pursued these avenues or that they were denied. In the absence of any allegation that such efforts were pursued, or that doing so would be futile, there is no plausibility to plaintiffs' assertion that Howell Township "effectively ban[s] all firearms ranges within the township." SAC ¶ 4.

Moreover, the ordinance appears on its face to allow shooting ranges in districts other than those designated AR. Section 13.03(A) of the ordinance allows "[r]ecreation and sports buildings" within the highway service commercial district, and § 13.03(B) also allows in that district "[r]ecreation and sports areas, if areas are completely enclosed with fence, walls or berms with controlled entrances and exits."⁴ Pls.' Mot. for Summ. J., Ex. 1 (PageID.1399). Section 10.02(B) allows "indoor commercial recreation" establishments in the regional service commercial district. *Id.*, Ex. 1 (PageID.1395). And § 12.05(E) allows "[r]ecreation and physical fitness facilities" in the heavy commercial district. *Id.*, Ex. 1 (PageID.1405). In light of these ordinance provisions, plaintiffs' claim that Howell Township bans all shooting ranges is not plausible.

The Court concludes that plaintiffs have failed to state a Second Amendment claim because their allegation that defendant bans "all firearms ranges within the township," SAC ¶ 4, is implausible. Plaintiffs do not allege that they ever sought permission to construct a shooting range on the parcel Oakland Tactical leases. Instead, Oakland Tactical's member, non-party Mike Paige,

---

³ A copy of the Howell Township Zoning Ordinance is attached to plaintiffs' motion for summary judgment as Exhibit 1 (PageID.1323-1574). As noted above, the Court may consider matters of public record (and documents to which the complaint refers) in deciding a motion to dismiss or for judgment on the pleadings.

⁴ Plaintiffs acknowledge that an open-air shooting range might be permitted in this district, although they allege the available land is insufficient for their purposes. *See* SAC ¶ 41.

asked the township to make a sweeping amendment to its zoning ordinance to allow for shooting ranges as a matter of right throughout the AR district. The township's denial of this request, which would have permitted shooting ranges in two-thirds of the township's land, can hardly be viewed as a ban on shooting ranges. The alleged "ban" on shooting ranges is all the more implausible in light of the ordinance provisions that permit recreational facilities. Accordingly,

IT IS ORDERED that defendant's motion to dismiss is granted.

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment is denied as moot.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: September 10, 2020     SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan