UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OAKLAND TACTICAL SUPPLY LLC, et al.,

    Plaintiffs,                                                       Civil Action No. 18-CV-13443

vs.                                                             HON. BERNARD A. FRIEDMAN

HOWELL TOWNSHIP,

    Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION AND FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

This matter is presently before the Court on plaintiffs' motion for reconsideration and for leave to file a third amended complaint [docket entry 86]. Defendant has filed a response in opposition and plaintiffs have filed a reply. Pursuant to E.D. Mich. LR 7.1(h))2), the Court shall decide this motion without a hearing.

Plaintiffs seek reconsideration of the Court's order dismissing their second amended complaint. This Court's Local Rule 7.1(h)(3) requires plaintiffs seeking reconsideration to show a "palpable defect" in the Court's ruling and that "correcting the defect will result in a different disposition of the case." "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). Plaintiffs' motion is also brought under Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

Plaintiffs have not identified a palpable defect in the Court's order of dismissal. Nor

have they shown that the Court committed a clear error of law or that the dismissal should be vacated due to newly discovered evidence or an intervening change in the law or to prevent manifest injustice. Rather, plaintiffs mistakenly assert that the Court misunderstood their complaint, failed to draw all reasonable inferences in the light most favorable to them, and improperly required them to allege that they had exhausted their administrative remedies (or that doing so would have been futile).

Plaintiffs are incorrect. Regarding the first two points, the Court fully understood the complaint to allege that plaintiffs seek to build an outdoor 1,000-yard shooting range and that defendant would not allow the construction of such a facility. *See* Op. & Order Granting Def.'s Mot. to Dismiss at 1-2. But plaintiffs also alleged that defendant "effectively bann[ed] all firearms ranges within the township," Second Am. Compl. ¶ 4, an allegation that could have raised Second Amendment concerns under the Seventh Circuit's *Ezell* cases, and the Court found this allegation to be implausible in light of defendant's zoning ordinances that allow for shooting ranges. *See* Op. & Order at 7. Regarding plaintiffs' third point, the Court did not dismiss the complaint because plaintiffs failed to allege that they had exhausted their administrative remedies. The Court merely noted the implausibility of plaintiffs' allegation that defendant would not allow the construction of the shooting range at issue given plaintiffs' failure to allege that they had taken any steps to present defendant with a request (e.g., by seeking conditional rezoning or a special use permit) that was limited to the particular parcel leased by plaintiff Oakland Tactical LLC.

The Court dismissed the complaint in this matter because plaintiffs based their claim on the outlandish proposition that Howell Township violated their Second Amendment rights by denying the application submitted by Oakland Tactical LLC's member, Mike Paige, to amend the

township zoning ordinance so as to allow for shooting ranges *throughout the AR district*. Had the township approved Paige's application, the township would have been obligated to approve any application for a shooting range on any parcel within this district so long as "dimensional regulations" (e.g., setback requirements) were met. As the Court further noted, two-thirds of all Howell Township land (13,500 acres) is zoned AR. No provision of the Constitution, including the Second Amendment, requires government entities to grant an amendment to their zoning ordinances to permit any particular activity, whether it be to build cement factories, graze cattle, or construct long-distance shooting ranges. If a person wishes to construct a building or engage in an activity that is not permitted under existing zoning rules, there are procedures available under Michigan law whereby the owner (or lessee) may seek an exception for his piece of property. Until now, plaintiffs have never alleged that these procedures are unavailable to them. Manifestly, the procedure is not to ask the zoning authority to amend the zoning ordinance to permit the activity in question everywhere that has the same zoning designation as the applicant's parcel.

In short, plaintiffs have shown no error in the Court's dismissal of their complaint. Their motion for reconsideration of, or to alter or amend, that ruling is therefore denied.

As noted, plaintiffs also seek leave to file a third amended complaint (i.e., the fourth version of their complaint in this case). Regarding such post-judgment motions, the Sixth Circuit has stated:

> Although Rule 15(a) "plainly embodies a liberal amendment policy," *Morse*, 290 F.3d at 800, there is a "heavier burden" when requests to amend are made after an adverse judgment, *Leisure Caviar*, 616 F.3d at 616.

\* \* \*

In addition to the *Foman* factors of undue delay, bad faith, dilatory

> motive, undue prejudice, and the futility of the proposed amendment, post-judgment requests to amend require that the district court "also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Morse*, 290 F.3d at 800 (internal quotation marks omitted). This latter inquiry includes asking whether the claimant has made a "compelling explanation" for failing to seek leave to amend prior to the entry of judgment. *Leisure Caviar*, 616 F.3d at 617; *Morse*, 290 F.3d at 800. It is intended to keep plaintiffs from using the district court "as a sounding board to discover holes in their arguments," and from avoiding the narrow grounds for post-judgment relief under Rules 59 and 60. *Leisure Caviar*, 616 F.3d at 616.

*Pond v. Haas*, 674 F. App'x 466, 472-73 (6th Cir. 2016).

Plaintiffs indicate that their third amended complaint would clarify that they seek to construct and use a long-range outdoor facility. No such clarification is necessary, as the original complaint, the first amended complaint, and the second amended complaint clearly made this allegation.

> Plaintiffs also indicate that their third amended complaint would
>
> clarify . . . that the parties had reached an impasse and that no further avenues of relief were available or likely to be fruitful, as the Township had foreclosed them. The parties' positions were final with respect to Plaintiff Oakland's ability to obtain approval of any kind to build an outdoor shooting range on the Property, and Plaintiffs seek leave to amend the Complaint to clarify this further and that they are not seeking a broad zone change, but were instructed by the Township that seeking such a broad zone change was their only potential avenue for being allowed to construct an outdoor range on the Property.

Pls.' Br. at 7-8. It appears that the relevant allegations in the proposed third amended complaint include the following:

> 38. Of the approximately 20,000 acres regulated by the Howell Township Zoning Ordinances, the only district providing for stand-alone recreational facilities (ones not connected to other permitted uses in the zone) is the Highway Service Commercial

4

District ("HSC District") consisting of 7 parcels with a total area of less than 30 acres. Recreational facilities in the HSC District are only allowed under a special use permit that requires the use not to interfere with the permitted principle uses, and thus, it would have been futile to apply for a special use permit within such zone (even if sufficient land were available for the proposed CMP-promoted long-distance types of rifle practice and competitions, which it is not), as such a permit application would have been rejected." [sic]

\* \* \*

47. Howell Township zoning officials advised Oakland to apply for a text amendment to the Howell Township Zoning Ordinances as the only avenue available to allow shooting ranges in the AR Zoning District, stating that a conditional use permit, special permit, or a site-specific zone change was not available for a shooting range on Oakland's Property; for this reason, applying for such permits or a site-specific zone change would have been futile.

\* \* \*

56. Oakland's managing member, Mr. Paige, was advised in meetings with Howell Township officials that the Zoning Ordinance as interpreted by the forecloses the use of the Property as an outdoor firearms training range. The Township explicitly advised Plaintiff Oakland that the only way to permit an outdoor shooting range on the Property would be to amend the Zoning Ordinance through a text amendment, which was not Oakland's desired approach as it would affect many other areas in the Township and open up land in the area to competitors.

57. When considering whether to adopt the proposed text amendment, the Township Planning Commission was advised by Township personnel that it could take more time to consider making changes to the proposed text amendment, such as allowing outdoor firearms training ranges to be permitted by a conditional use permit, and the Commission rejected this opportunity by voting against taking additional time to consider zoning and permitting alternatives. The Township Planning Commission then voted to recommend to the Township to deny the text amendment. The Township accepted the recommendation of the Township Planning Commission and denied the text amendment. Based on the text of the Ordinance and its interpretation by the Township, any other action by Plaintiff Oakland to change the allowable uses of the Property to include an outdoor

>> firearms training range, including by seeking conditional rezoning of that parcel or by applying for a special use or conditional use permit, would have been futile.

The additional allegations plaintiffs would make in their proposed third amended complaint are not simple clarifications, but extensive, new assertions that are plainly a reaction to the Court's explanation for dismissing the second amended complaint. Plaintiffs offer no explanation as to why these facts were not pled earlier, to say nothing of the "compelling explanation" they are required to present "for failing to seek leave to amend prior to the entry of judgment." *Pond*, 674 F. App'x at 473. As noted above, such a showing is required in order "to keep plaintiffs from using the district court as a sounding board to discover holes in their arguments, and from avoiding the narrow grounds for post-judgment relief under Rules 59 and 60." *Id.* (citations and internal quotation marks omitted). Plaintiffs have plainly used the Court in this fashion to determine how to draft their proposed third amended complaint. Sixth Circuit precedent counsels against permitting the requested amendment under these circumstances.

The *Foman* factors do as well. As the Supreme Court noted in that case, leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Undue delay, dilatoriness, and repeated failure to cure the pleading deficiency are plainly apparent in the present case. The township board denied Paige's text amendment application in November 2017. Plaintiffs waited a year before brining suit in November 2018. They then filed amended complaints in June and July 2019, never alleging that alternatives to applying for a "text amendment" would be futile. The prejudice to defendant can also be presumed, given

6

its interest, and the public's interest, in "the finality of judgments and the expeditious termination of litigation." *Pond*, 674 F. App'x at 472 (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Having considered the *Foman* factors, along with plaintiffs' failure to offer a "compelling explanation" for seeking leave to amend before judgment was entered against them, the Court concludes that the requested amendment should not be permitted.

For the reasons stated above,

IT IS ORDERED that plaintiffs' motion [docket entry 86] for reconsideration and for leave to file a third amended complaint is denied.

IT IS FURTHER ORDERED that defendant's motion [docket entry 87] for leave to respond to plaintiffs' motion for leave to amend is denied as moot.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: February 9, 2021           SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan