# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| OAKLAND TACTICAL SUPPLY, LLC, | ) |
| JASON RAINES, MATTHEW REMENAR, | ) |
| SCOTT FRESH, RONALD PENROD, AND | ) |
| EDWARD GEORGE DIMITROFF, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | )Case No. 18-cv-13443-BAF-DRG |
| v. | )Honorable Bernard A. Friedman |
|  | ) |
| HOWELL TOWNSHIP, | ) |
| a Michigan general law township, | ) |
|  | ) |
| Defendant. | ) |
| _____/ |  |

Roger L. Myers (P49186)
MYERS & MYERS, PLLC
Attorneys for Plaintiffs
915 N. Michigan Avenue, Suite 200
Howell, Michigan 48843
(517) 540-1700
rmyers@myers2law.com


Martha A. Dean, (admitted 12/06/18)
LAW OFFICES OF MARTHA A. DEAN, LLC
Attorneys for Plaintiffs
144 Reverknolls
Avon, CT 06001
mdean@mdeanlaw.com


_____/



## PLAINTIFFS' OBJECTION TO PROPOSED AMICUS BRIEF

Plaintiffs Oakland Tactical Supply, LLC, Jason Raines, Scott Fresh, Matthew Remenar, Ronald Penrod, and Edward Dimitroff (collectively "Plaintiffs") hereby object to Michigan Municipal League Legal Defense Fund's and Michigan Townships' Association's ("Proposed Amici") joint "Motion For Leave To File Amicus Curiae Brief" ("Motion") as the proposed amicus brief ("Proposed Amicus Brief") adds no unique perspective, merely echoing Defendant Township's rendition of claimed facts and law. The Proposed Amicus Brief also purports to provide evidence of a historical tradition that the Township's Supplemental Post-*Bruen* brief fails to provide, as the Township argues that it is not needed. If the Township is incorrect and historical tradition must be analyzed, as directed by the Court, the Proposed Amici have no special expertise to contribute concerning the Second Amendment issues here. Proposed Amici have appended to their proposed brief lengthy historic references from a State of Pennsylvania brief in another matter, which are not relevant to the historical tradition at issue in this case.

Furthermore, Defendant Township is represented by competent counsel who routinely represent clients who have identical interests to those of the Proposed Amici as they advocate on behalf of municipalities such as the Defendant. Under these circumstances,[1] granting permission to file the proposed brief would allow what

---

[1]     The Proposed Amici seek the Court's permission to engage in the unusual practice of writing an amicus brief that attaches another amicus brief as an appendix.

amounts to the appearance of an improper attempt to supplement Defendant's own briefing and extend its page limits and brief deadlines through a nonparty. Allowing the Proposed Amicus Brief is unwarranted under the relevant criteria and unjust, as it would only serve to increase costs and cause further delay.

## ARGUMENT

Proposed Amici represent the common interests of municipalities, such as Howell Township in Michigan.  They ask the Court to accept their Proposed Amicus Brief under the district court's inherent authority to permit amicus participation in the exercise of the court's discretion. District courts have such discretion, but it is subject to several important constraints. *See, e.g., Cobell v. Norton*, 246 F. Supp. 2d 59, 62-63 (D.D.C. 2003) (an amicus brief should only be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide).

---

This is not customary, as such a practice allows an amicus party to circumvent any word limitations and have a greater input than is permitted any party.

*The Proposed Amicus Brief is not helpful to the Court.*

*No unique perspective*

It is well-understood that amicus briefs "ought to add something distinctive to the presentation of the issues," 16AA C. Wright & A. Miller, Federal Practice and Procedure § 3975, p. 385 (5th ed. 2019). Yet, conspicuously absent from the Proposed Amici's Motion and their Proposed Amicus Brief is any justification for inserting themselves into the litigation at this district court level under the factors routinely applied to limit the filing of amicus briefs.

As in *Freed v. Thomas*, Not Reported, Fed. Supp. 2018 WL 3848155, Aug. 19, 2018, the Proposed Amici do not offer a unique perspective distinct from Defendant Township's. There, the district court considered a factually similar situation in which an organization representing all Michigan counties sought permission to file an amicus brief in support of a single county defendant. The court references Wright & A. Miller, Federal Practice and Procedure § 3975, p. 313 (2008), stating that the amicus should not serve as a mere conduit for the views of one of the parties. The *Freed* court then explains that while the proposed amici assert that they bring views and concerns to the table that differ from defendants they have not shown that their interest is any different from that of defendant county's. The court states that "[a]ll Michigan Counties presumably have the same interest" and that the arguments made by defendant county are the same as those made by the proposed amici in the brief they seek to file. The court then concludes that the proposed amici have not shown that their interest differs

4

from that of defendant or that they add something distinctive to the presentation of the issues.

Here, as in *Freed*, Proposed Amici have identical interests. The Proposed Amicus Brief merely echoes the Township's arguments, on the one hand, while disagreeing with the very party that they claim to support, on the other, concerning the need for the Court to consider historical tradition. The Proposed Amicus Brief oddly provides references historical tradition at the same time that Defendant Township maintain historical tradition is not necessary here.

*No special insight or expertise concerning the Second Amendment.*

Neither of the Proposed Amici parties has any special insight or knowledge that would assist the Court concerning the historical tradition of the Second Amendment. This is evident from the fact that they seek to file a Proposed Amicus Brief that merely inserts lengthy and irrelevant historical references concerning shooting in densely populated cities, such as Boston, which they have copied from a Commonwealth of Pennsylvania brief in another case. Proposed Amici simply cut and paste historical references, without adding analysis or any demonstration of relevance.

U.S. District courts sometimes grant permission, at times, to the very types of municipal or county organizations that propose to be admitted as amici parties here, allowing them to file their proposed amicus briefs despite their failure to meet the well-known criteria for amicus briefs. But, while there may be instances where

5

organizations representing municipalities have special and relevant expertise on the specific issues before the court, the Proposed Amici here do not.

### *The Proposed Amicus Brief is not necessary to the litigation.*

The Proposed Amicus Brief adds nothing to the discussion of issues before the Court. Defendant Township, in its Post-*Bruen* Supplemental Brief, specifically declined to provide any historical tradition on the grounds that it is not needed. It would be nonsensical and unjust to allow an amicus party to provide a legal argument that the party supported by the amicus party chose not to provide in its briefing, as allowing this creates the appearance of a successful end-run around the supported party's briefing deadline and page limitations. Here, this is especially concerning as the proposed amici trade organizations represent Defendant Township's identical interests -- if not the Township itself as a member of their organizations.

Proposed Amici repeat the erroneous claims of Defendant Township asserting falsely that Plaintiffs are trying to force Howell Township to allow a 1,000-yard range anywhere in the Township and are attempting to force townships in the State of Michigan that (unlike Defendant) are too small to allow a safe 1,000 yard target range to permit such ranges regardless of whether the appropriate land area exists. The Proposed Amicus Brief echoes the Township's mischaracterizations to create a list of future 'horribles' that Proposed Amici maintain will occur in municipalities across the state if Plaintiffs prevail. Proposed Amici then use their concocted list to support a

6

'strawman' type argument against Plaintiffs' constitutional claims. *Bruen* makes clear, however, that neither Proposed Amici's nor Defendant's fears – whether or not real or justified -- are irrelevant to the requisite Second Amendment analysis of the relevant historical tradition.

> *The Pennsylvania amicus brief's rendition of historical tradition is not relevant to the issues before the court here.*

The Pennsylvania brief that Proposed Amici seek to attach is also problematic because the history provided is irrelevant to this case before this Court.  Proposed Amici claim they are providing evidence of the historical tradition (missing from Defendant Township's own brief), but their effort fails. The historical tradition they provide is merely a copy of a Commonwealth of Pennsylvania amicus brief that was filed in a case before the Pennsylvania Supreme Court, referencing 1800s laws that are not relevant here.

Proposed Amici claim that the history referenced in the Pennsylvania amicus brief, which their own Proposed Amicus Brief in this case appends, is relevant, yet nowhere in the historical laws referenced by the Commonwealth is the right to train with firearms curtailed, let alone, prohibited. The very laws referenced by Proposed Amici specifically allow training with firearms that was typical at the time – practicing shooting for the common defense.

Because the laws referenced by the Proposed Amici merely prevent shooting into crowded areas and include unconstitutional laws eliminating the right to keep and bear arms, this historical tradition does support Defendant Township's broad prohibitions on training with firearms.  The historical tradition Proposed Amici seek to inject into this case is simply not relevant.

## CONCLUSION

Plaintiffs respectfully request that this court deny the Proposed Amici's Motion for leave to file their Proposed Amicus Brief. If the Court, decides to grant the Motion, Plaintiffs request additional time to respond further if and as needed, since Plaintiffs maintain that the Proposed Amicus Brief amounts to an untimely and improper extension and supplement to Defendant Township's Post-*Bruen* brief.

Dated:  October 21, 2022

Respectfully submitted,

MYERS & MYERS, PLLC
Attorneys for Plaintiffs

By: /s/ Roger L. Myers
Roger L. Myers (P49186)
915 N. Michigan Avenue, Suite 200
Howell, MI 48843
(517) 540-1700

8

rmyers@myers2law.com

/s/ Martha A. Dean
Martha A. Dean, Esq. (Admitted 12/6/18)
**Law Offices of Martha A. Dean, LLC**
144 Reverknolls
Avon, CT 06001
Phone: 860-676-0033
Fax: 860-676-1112
mdean@mdeanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, I electronically filed the foregoing *Plaintiffs' Objection to Proposed Amicus Brief* with the Clerk of the Court using the ECF system.

By:   /s/ Roger L. Myers
Roger L. Myers, Esq. (P49186)
Myers & Myers, PLLC
915 North Michigan Ave., Suite 200
Howell, MI 48843
Phone: 517-540-1700
Fax: 517-540-1701
rmyers@myers2law.com

9