UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OAKLAND TACTICAL SUPPLY,
LLC, et al.,

       Plaintiffs,                       Civil Action No. 18-cv-13443
                                                    HON. BERNARD A. FRIEDMAN

vs.

HOWELL TOWNSHIP,

       Defendant.
_____/

## OPINION AND ORDER ADDRESSING ECF NOS. 99, 106, AND 107 REGARDING AMICUS CURIAE BRIEF

Before the Court is a motion for leave to file amicus curiae brief in support of Howell Township, Post-*Bruen* filed by the Michigan Municipal League Legal Defense Fund and the Michigan Townships Association. (ECF No. 99). Also before the Court is an objection to proposed amicus brief filed by plaintiffs Oakland Tactical Supply, LLC, Jason Raines, Scott Fresh, Matthew Remenar, Ronald Penrod, and Edward Dimitroff. (ECF No. 106). Also before the Court is a motion for leave to respond to plaintiffs' objection to proposed amicus brief filed by defendant Howell Township. (ECF No. 107). Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

This case involves a zoning dispute that, plaintiffs claim, implicates their Second Amendment rights.  On September 10, 2020, this Court granted defendant Howell Township's motion to dismiss (ECF No. 84) and on February 9, 2021, denied plaintiffs' motion for reconsideration (ECF No. 91).  Plaintiffs appealed, and on August 5, 2022, the Court of Appeals entered an opinion vacating and remanding "to allow [this Court] to consider the plausibility of Oakland Tactical's Second Amendment claim in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2002)."  (ECF No. 94, PageID.2197.)  Accordingly, on August 31, 2022, this Court ordered Howell Township to submit, within 30 days,

> supplemental briefing in support of its motion to dismiss on (1) whether Oakland Tactical's proposed course of conduct is covered by the plain text of the Second Amendment; and (2) whether historical evidence--to be produced by the Township in the first instance--demonstrates that the Howell Township Zoning Ordinance's shooting regulations are consistent with the nation's historical tradition of firearm regulation.

(ECF No. 96, PageID.2206) (cleaned up).  Plaintiffs were ordered to submit a response brief within 14 days thereafter.  *Id.*

On September 30, 2022, Howell Township filed its supplemental brief supporting entry of judgment for the township post-*Bruen*.  (ECF No. 97).  The Township's supplemental brief urges that Oakland Tactical's proposed course of conduct is not covered by the Second Amendment, but the brief does not address

the second question posed by ECF No. 96, instead urging that the "Township need not yet provide analogous historical regulations to uphold the Township Zoning Ordinance, since there is no duty under *Bruen* to provide such evidence absent a right within the plain text of the Second Amendment."  (*Id.* at PageID.2229).  The Township suggests that if the Court were to find "that Oakland Tactical has alleged a right within the scope of the plain text of the Second Amendment," it "would file supplemental briefing with appendices analyzing and tracing this nation's history of firearm regulation and its parallels to the Township's Zoning Ordinance, which would include in excess of 70 pages of historical analogs." (*Id.* at PageID. 2230-31).

On October 12, 2022, plaintiffs requested an additional 10 days, until October 24, 2022, to file their responsive supplemental brief.  (ECF No. 101).  The Township objected to this extension the following day.  (ECF No. 102).  Plaintiffs proceeded to file their responsive supplemental brief on October 14, 2022.  (ECF No. 104).  Because this was consistent with the original deadline, the Court denied plaintiffs' motion for extension of time (ECF No. 101) as moot.  (ECF No. 108).

In their responsive supplemental brief, plaintiffs urge that the conduct at issue is covered by the plain text of the Second Amendment. (ECF No. 104, PageID.2468).  Noting that the Township had declined to address the second question posed by this Court's August 31, 2022 order, plaintiffs also argue that

"[t]he Township should not be given another opportunity to brief history in support of its motion. It has forfeited the opportunity to do so, and it would be a futile endeavor." (*Id.*)[1]  Nevertheless, plaintiffs additionally urge that the Township could not "have found any other historical tradition of analogous regulation because no such tradition existed." (*Id.* at 2481).

After the Township filed its supplemental brief but before plaintiffs filed their motion for extension of time and their responsive supplemental brief, a motion for leave to file amicus curiae brief in support of Howell Township, Post-*Bruen* was filed by the Michigan Municipal League ("MML") Legal Defense Fund and the Michigan Townships Association ("MTA"). (ECF No. 99). Noting that unlike in the Court of Appeals, in the District Court there is no specific process for filing an amicus curiae brief, proposed amici urge that the Court has the authority to grant leave to file such a brief and that they had endeavored to follow the rules relating to the filing of an amicus brief provided in the Federal Rules of Appellate Procedure ("FRAP"). (*Id.* at PageID.2282).[2]

---

[1] Plaintiffs also urge the Court to convert the Township's Rule 12(c) Motion for Judgment on the Pleadings into a Rule 56 Motion for Summary Judgment. *Id.* They further request the opportunity to supplement their brief and provide exhibits regarding the practical effect of the September 27, 2022, changes to the zoning ordinance. *Id.*

[2] With one notable exception: proposed amici ask the Court for leave to file a brief that is 22 pages long. (*Id.*). If the Court were to read the FRAP and local rules together, this would exceed the allotted page limit. Fed. R. App. Pr. 29(a)(5) (limiting an amicus brief to one half the maximum length authorized for a party's

4

Proposed amici cite to *Freed v. Thomas*, No. 17-cv-13519, 2018 WL 3848155, at *3 (E.D. Mich., Aug 9, 2018). (*Id.* at PageID.2283). In *Freed*, Treasurers of several counties moved for leave to file an amicus curiae brief in a case alleging that defendant County and its Treasurer took plaintiff Freed's property to satisfy a past due tax but refused to refund the difference between the value of the property and what was required to satisfy the debt. *Freed*, 2018 WL 3848155, at *1 (E.D. Mich., Aug 9, 2018). Freed filed a response in opposition to the proposed amici. *Id.* The Court found that the proposed amici failed to demonstrate their entitlement to file an amicus brief because their motion was not supported by a brief or citation to any authority, because they had not shown that their interests were any different from that of the defendant, and because their brief was twice the allowable length.[3] *Id.* at *2-3. Nevertheless, "as a matter of discretion," the Court allowed the filing of the proposed amicus brief "as the brief may offer additional information and/or arguments relevant to a fair resolution of plaintiff's claims." *Id.* at *3.

Proposed amici here urge that their members, local governmental entities in Michigan, have a particular interest in this case because of the "simultaneously broad and specific – and utterly absolute" right claimed by plaintiffs. (ECF No. 99

---

principal brief); E.D. Mich. LR 7.1(d)(3) (a brief supporting a motion may not exceed 25 pages).

[3] The Court assumed that the motion was governed by the appellate rule regarding amicus briefs. *Id.* at *3.

at PageID.2284-85). Identifying multiple communities that "are literally too small to fit Plaintiffs' use from end of gun to target," proposed amici support Howell Township's position and request that the court accept their proposed brief. (*Id.* at PageID.2286-87). In the attached brief, proposed amici argue that the plain text of the second amendment does not cover the identified conduct and further urge that if the Court reaches the second step of the *Bruen* test, there are several analogous regulations. (ECF No. 99-1 at PageID.2290).

Plaintiffs filed an objection to the proposed amicus brief, urging that proposed amici "add[] no unique perspective, merely echoing Defendant Township's rendition of claimed facts and law." (ECF No. 106 at PageID.2544). Further, plaintiffs argue that proposed amici "purport[] to provide evidence of a historical tradition that the Township's Supplemental Post-*Bruen* brief fails to provide," although proposed amici "have no special expertise to contribute concerning the Second Amendment issues here." (*Id.*). Plaintiffs also object to material appended by proposed amici (an appendix from an amicus curiae brief in a different case) as irrelevant. (*Id.*). Finally, plaintiffs argue that allowing proposed amici to proceed would amount to "the appearance of an improper attempt to supplement Defendant's own briefing and extend its page limits and brief deadlines through a nonparty" because Howell Township is represented by counsel that "routinely represent[s] clients who have identical interests to those of

the Proposed Amici." (*Id.* at 2244-45). Plaintiffs request that if the Court grants the amici's request, that they be allowed additional time to respond further. (*Id.* at 2550).

Finally, Howell Township filed a motion for leave to respond to plaintiffs' objections to the proposed amicus curiae brief. (ECF No. 107). Their attached proposed response urges the Court to follow the direction implied in *Freed* and allow proposed amici to proceed, urging that proposed amici have different interests from the Township. (ECF No. 107-1).

As proposed amici have noted, there is no governing standard for obtaining leave to file an amicus curiae brief in the district court. *Freed*, 2018 WL 3848155, at *2 n.1. In general, "an amicus ought to add something distinctive to the presentation of the issues, rather than serving as a mere conduit for the views of one of the parties." 16AA Charles Alan Wright & Arthur R. miller, *Federal Practice and Procedure*, § 3975 (5th ed. April 2022 update).

As groups of local governmental entities, proposed amici would certainly seem to have a perspective closely aligned with that of the Township. Indeed, proposed amici here explicitly "support the position of Defendant Howell Township." (ECF No. 99, PageID.2286). However, as the Township points out, proposed amici represent governmental entities "that are substantially different than Defendant in terms of density, population, zoning, and the make-up of their

7

respective local government," and these divergent interests lend themselves to different arguments. (ECF No. 107-1, PageID.2562-63).

Plaintiffs have a valid concern that the proposed amicus brief addresses a question which the Township declined to address and thus it appears to be an end-run around briefing deadlines and page limits. (ECF No. 106). Nevertheless, the Court believes this concern can be effectively alleviated by providing plaintiffs the opportunity to more fully respond.

As a matter of discretion, the Court will allow the proposed amici to file the amicus brief attached to their motion because it may offer additional information and arguments relevant to a fair resolution of plaintiffs' claims. The Court will also, however, provide plaintiffs with an additional opportunity to respond. Accordingly,

IT IS ORDERED that proposed amici's motion for leave to file an amicus brief which is 22 pages long (ECF No. 99) is granted.

IT IS FURTHER ORDERED that Howell Township's motion for leave to respond to plaintiffs' objection to proposed amicus brief (ECF No. 107) is granted.

IT IS FURTHER ORDERED that plaintiffs may submit an additional response to the amicus curiae brief, not to exceed 20 pages, within 14 days from the date of this order.

**IT IS SO ORDERED.**

s/Bernard A. Friedman
Hon. Bernard A. Friedman
Senior United States District Judge

Dated: November 22, 2022
Detroit, Michigan