UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OAKLAND TACTICAL SUPPLY,
LLC, et al.,

       Plaintiffs,                Civil Action No. 18-cv-13443
                                         HON. BERNARD A. FRIEDMAN

vs.

HOWELL TOWNSHIP,

       Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL BRIEFING

Before the Court is a motion for leave to either reply to plaintiffs' response to amicus curiae brief or for leave to file supplemental briefing filed by defendant Howell Township. (ECF No. 113). Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall deny the motion.

This case involves a zoning dispute that, plaintiffs claim, implicates their Second Amendment rights. On September 10, 2020, this Court granted Howell Township's motion to dismiss (ECF No. 84) and on February 9, 2021, denied plaintiffs' motion for reconsideration (ECF No. 91). Plaintiffs appealed, and on August 5, 2022, the Court of Appeals entered an opinion vacating and remanding

"to allow [this Court] to consider the plausibility of Oakland Tactical's Second Amendment claim in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2002)." (ECF No. 94, PageID.2197.) Accordingly, on August 31, 2022, this Court ordered Howell Township to submit, within 30 days,

> supplemental briefing in support of its motion to dismiss on (1) whether Oakland Tactical's proposed course of conduct is covered by the plain text of the Second Amendment; and (2) whether historical evidence--to be produced by the Township in the first instance-- demonstrates that the Howell Township Zoning Ordinance's shooting regulations are consistent with the nation's historical tradition of firearm regulation.

(ECF No. 96, PageID.2206) (cleaned up). Plaintiffs were ordered to submit a response brief within 14 days thereafter. *Id.*

On September 30, 2022, Howell Township filed its supplemental brief supporting entry of judgment for the township post-*Bruen*. (ECF No. 97). The Township's supplemental brief urges that Oakland Tactical's proposed course of conduct is not covered by the Second Amendment, but the brief does not address the second question posed by ECF No. 96, instead urging that the "Township need not yet provide analogous historical regulations to uphold the Township Zoning Ordinance, since there is no duty under *Bruen* to provide such evidence absent a right within the plain text of the Second Amendment." (*Id.* at PageID.2229). The Township suggests that if the Court were to find "that Oakland Tactical has alleged

2

a right within the scope of the plain text of the Second Amendment," it "would file supplemental briefing with appendices analyzing and tracing this nation's history of firearm regulation and its parallels to the Township's Zoning Ordinance, which would include in excess of 70 pages of historical analogs." (*Id.* at PageID. 2230-31).

In their responsive supplemental brief, plaintiffs urge that the conduct at issue is covered by the plain text of the Second Amendment. (ECF No. 104, PageID.2468). Noting that the Township had declined to address the second question posed by this Court's August 31, 2022 order, plaintiffs also argue that "[t]he Township should not be given another opportunity to brief history in support of its motion. It has forfeited the opportunity to do so, and it would be a futile endeavor." (*Id.*). Nevertheless, plaintiffs additionally urge that the Township could not "have found any other historical tradition of analogous regulation because no such tradition existed." (*Id.* at 2481).

On November 22, 2022, this Court granted the Michigan Municipal League Legal Defense Fund and the Michigan Townships Association leave to file an amicus curiae brief. (ECF No. 109). The amicus curiae brief argues that the plain text of the second amendment does not cover the identified conduct and further urges that if the Court reaches the second step of the *Bruen* test, there are several analogous regulations. (ECF No. 99-1, PageID.2290). Plaintiffs had filed an

objection to the proposed amicus brief, urging in part that amici "purport[ed] to provide evidence of a historical tradition that the Township's Supplemental Post-*Bruen* brief fails to provide" and that allowing amici to proceed would amount to "the appearance of an improper attempt to supplement Defendant's own briefing and extend its page limits and brief deadlines through a nonparty." (ECF No. 106, PageID. 2544-45). This Court agreed that plaintiffs had "a valid concern that the proposed amicus brief addresses a question which the Township declined to address" but found that the concern could be alleviated by providing the plaintiffs an opportunity to more fully respond. (ECF No. 109, PageID.2574). Plaintiffs have responded to the amicus curiae brief, (ECF No. 112), and now Howell Township seeks to either reply to plaintiffs' response to the amicus curiae brief or file supplemental briefing, (ECF No. 113).

The Township "reiterates its position that it should prevail on the first prong of the *Bruen* framework." (*Id.*, PageID.2609). It further asserts that "[g]overnments are faced with a heavy burden of hiring gun regulation historians and experts" and that such burden "should not be placed on the governments without any indication of whether the plain text of the Second Amendment covers the conduct." (*Id.*). The Township notes that other courts have even considered a Court-appointed historian. (*Id.*).

4

But "if this Court deems that the second prong of the *Bruen* framework should be addressed at this stage," Howell Township requests leave to file additional briefing. (*Id.*, PageID.2609-10). The Township urges that if it is not allowed "to address its case on this point, only Plaintiff and *Amici* (neither of which are the government) will have done so" which, the Township says, "would be completely inconsistent with the framework set out in *Bruen*, as the government should be the party justifying its regulation if the plain test of the Second Amendment does cover the conduct." (*Id.*, PageID.2610). The Township asserts that there would "ample time" for supplemental briefing, including time for plaintiffs to respond, before the pending January 17, 2023, hearing. (*Id.*).

As indicated above, the Township previously declined to address the second prong of *Bruen*, asserting that it should not have to do so unless and until the Court decides in plaintiffs' favor on the first prong of *Bruen*. (ECF No. 97, PageID.2230-31). Given this fact, the Court is inclined to hear the parties' arguments at the January 17, 2023, hearing before accepting any additional briefing. Accordingly,

IT IS ORDERED that Howell Township's motion for leave to file additional briefing (ECF No. 113), is DENIED.

s/Bernard A. Friedman
Hon. Bernard A. Friedman
Senior United States District Judge

Dated: December 12, 2022
Detroit, Michigan