UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OAKLAND TACTICAL SUPPLY,
LLC, et al.,

       Plaintiffs,                          Civil Action No. 18-cv-13443
                                                   HON. BERNARD A. FRIEDMAN

vs.

HOWELL TOWNSHIP,

       Defendant.

_____/

## OPINION AND ORDER ADDRESSING SUPPLEMENTAL BRIEFING AND GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is presently before the Court on remand following the Court of Appeals' August 5, 2022, opinion and judgment. (ECF No. 94). Consistent with the Court of Appeals' decision, on August 31, 2022, this Court ordered the parties to submit additional briefing regarding the plausibility of plaintiffs' claims in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).[1] For the reasons stated below, the Court reaffirms its decision to grant the Township's motion to dismiss.

---

[1] Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this without a hearing.

I. Background

This case involves a zoning dispute that, plaintiffs claim, implicates their Second Amendment rights. On September 10, 2020, the Court granted defendant Howell Township's motion to dismiss. (ECF No. 84). On February 9, 2021, the Court denied a motion for reconsideration filed by plaintiffs Oakland Tactical Supply, LLC, Jason Raines, Matthew Remenar, Scott Fresh, Ronald Penrod, and Edward Dimitroff. (ECF No. 91). Plaintiffs appealed, and on August 5, 2022, the Court of Appeals entered an opinion vacating and remanding "to allow [this Court] to consider the plausibility of Oakland Tactical's Second Amendment claim in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)." (ECF No. 94, PageID.2197). Accordingly, on August 31, 2022, this Court ordered Howell Township to submit, within 30 days,

> supplemental briefing in support of its motion to dismiss on (1) whether Oakland Tactical's proposed course of conduct is covered by the plain text of the Second Amendment; and (2) whether historical evidence--to be produced by the Township in the first instance--demonstrates that the Howell Township Zoning Ordinance's shooting regulations are consistent with the nation's historical tradition of firearm regulation.

(ECF No. 96, PageID.2206) (cleaned up). Plaintiffs were ordered to submit a response brief within 14 days thereafter. (*Id.*).

On September 30, 2022, Howell Township filed its supplemental brief supporting entry of judgment for the township post-*Bruen*. (ECF No. 97). The Township's supplemental brief urges that Oakland Tactical's proposed course of conduct is not covered by the Second Amendment, but the brief does not address the second question posed by ECF No. 96, instead urging that the "Township need not yet provide analogous historical regulations to uphold the Township Zoning Ordinance, since there is no duty under *Bruen* to provide such evidence absent a right within the plain text of the Second Amendment." (*Id.*, PageID.2229). In their responsive supplemental brief, plaintiffs urge that the conduct at issue is covered by the plain text of the Second Amendment. (ECF No. 104, PageID.2468). Plaintiffs urge that the Township should not be given another opportunity to brief history in support of its motion, but urge that in any event the Township could not "have found any other historical tradition of analogous regulation because no such tradition existed." (*Id.*, PageID.2481).

On November 22, 2022, this Court granted the Michigan Municipal League Legal Defense Fund and the Michigan Townships Association leave to file an amicus curiae brief. (ECF No. 109). The amicus curiae brief argues that the plain text of the Second Amendment does not cover the proposed conduct and further urges that if the Court reaches the second step of the *Bruen* test, there are several analogous regulations. (ECF No. 99-1, PageID.2290). Plaintiffs filed an initial

3

objection to the proposed amicus brief, (ECF No. 106), and this Court provided plaintiffs an additional opportunity to more fully respond, (ECF No. 109). Plaintiffs did so, (ECF No. 112), and on December 12, 2022, this Court denied the Township's motion to reply to plaintiffs' response or file additional briefing, (ECF No. 114).

II. Analysis

Again, the questions now pending before the Court are:

(1) whether Oakland Tactical's proposed course of conduct is covered by the plain text of the Second Amendment; and (2) whether historical evidence . . . demonstrates that the Howell Township Zoning Ordinance's shooting regulations are consistent with the nation's historical tradition of firearm regulation.

(ECF No. 96, PageID.2206) (cleaned up).[2]

As a threshold matter, the Court must determine the nature and scope of the "proposed conduct." The Township urges that it is "operat[ion of] an outdoor,

---

[2] The Township urges that Zoning Ordinance Amendment 285 (adopted after this Court's Order granting the motion to dismiss) and further amendments to the Ordinance (proposed in September 2022) would not have any impact on the Court's prior opinion nor the claims now pending. (ECF No. 97, PageID.2212-14). Plaintiffs similarly urge that "even with the Township's recent changes to its zoning ordinance the zoning ordinance continues to violate their Second Amendment rights and that they continue to sustain damages." (ECF No. 104, PageID.2470 n.2). Because both parties appear to agree that the recent updates to the Zoning Ordinance should not impact this case on remand, the Court declines to analyze the existing and proposed amendments to the ordinance. Similarly, the Court declines plaintiffs' request to convert the present motion to dismiss under Federal Rule of Civil Procedure 12(c) into a motion for summary judgment under Rule 56. (*Id.*, PageID.2468).

4

1,000-yard shooting range on its property in the Agricultural-Residential District . . . of the Township." (ECF No. 97, PageID.2209) (cleaned up).  Plaintiffs define it much more broadly as "training with firearms." (ECF No. 104, PageID.2468).  On appeal, the Sixth Circuit acknowledged that plaintiffs' identification of the proposed course of conduct has shifted over time.

> We note that, although Oakland Tactical has alleged that the Second Amendment protects the right to train on "outdoor ranges appropriate for . . . common firearms," "shotgun and handgun ranges," and, more generally, "a shooting range," it most recently framed its proposed course of conduct as the right to train on "outdoor, long-distance shooting ranges."

(ECF No. 94, PageID.2200 n.3) (cleaned up).

In reviewing this matter the first time, this Court looked to the Second Amended Complaint and noted that Oakland Tactical

> alleges that it desires to construct "one or more outdoor shooting ranges to provide a safe location for residents in the area to practice target shooting for self-defense and other lawful purposes, including but not limited to a long distance (e.g. 1,000 yard) range for qualified shooters and public access rifle, shotgun and handgun ranges" on property it leases in Howell Township, Michigan.

(ECF No. 84, PageID.2084) (quoting ECF No. 44, PageID.1085-86, ¶ 6).  "The five individual plaintiffs are gun owners who would use Oakland Tactical's proposed facility if it were to be constructed." (ECF No. 84, PageID.2084).

Collectively, the Court believes that the proposed conduct is best summarized as construction and use of "an outdoor, open-air, 1,000-[yard]

5

shooting range." (*Id.*, PageID.2089). Having made this threshold determination, the Court next turns to the first question presented in its Order requiring supplemental briefing: whether the proposed course of conduct is covered by the plain text of the Second Amendment. (ECF No. 96, PageID.2206).

The Township urges that the textual elements of the Second Amendment's operative clause guarantee the individual right to possess and carry weapons in case of confrontation. (ECF No. 97, PageID.2216). And because "one cannot 'bear,' or carry an outdoor, 1,000-yard shooting range," the plain text does not include a right to construct such a range anywhere one chooses. (*Id.*, PageID.2219). The Township also urges that the history of the adoption of the Second Amendment shows that being "trained" was considered distinct from "keeping and bearing arms." (*Id.*, PageID.2220). More broadly, the Township argues that other Circuits have recognized ancillary rights under the Second Amendment, including a right to range training, but only to the extent such ancillary rights support the exercise of the core right of self-defense. (*Id.*, PageID.2223). The Township further differentiates these cases by noting that they were evaluating a functional ban of an individual right and "relied upon an analysis of the Second Amendment that was not consistent with the plain text as mandated post-*Bruen*." (*Id.*, PageID.2224-27).

6

Plaintiffs urge that "[t]he plain text of the Second Amendment covers training with firearms." (ECF No. 104, PageID.2474). Citing *Ezell v. City of Chicago*, 651 F.3d 684, 704 (7th Cir. 2011), plaintiffs argue that because the Second Amendment encompasses an individual right to use firearms for lawful purposes, citizens must have the corresponding right to train with firearms because the right to use them "wouldn't mean much without the training and practice that makes it effective." (ECF No. 104, PageID.2474-75).[3] They also point to the prefatory clause of the Amendment, which, they say, promotes the existence of a "well regulated Militia." (*Id.*, PageID.2475). Noting that in *District of Columbia v. Heller*, 554 U.S. 570, 597 (2008), the Supreme Court held that a "well regulated Militia" meant "the body of the people, trained to arms," plaintiffs argue that a right cannot promote a people trained to arms without protecting training with arms. (*Id.*). Plaintiffs then cite to multiple cases in which, they assert, courts have recognized a right to train with arms. (*Id.*, PageID.2475-76). Plaintiffs urge that the founders rejected the addition of "training" language in the Second Amendment and other early documents because it would have been redundant, as training was already protected. (*Id.*, PageID.2476-78). Finally, plaintiffs assert that because under *Heller* and *Bruen* the Second Amendment protects the possession and use of weapons that are in common use, it follows that the Second

---

[3] This Court has already addressed the relevance of *Ezell*. (ECF No. 84, PageID.2089).

Amendment protects training with *all* arms in common use, including rifles with an effective range extending to 1,000 yards. (*Id.*, PageID.2479).

Plaintiffs' mischaracterization of the scope of the proposed conduct undermines the majority of their argument. The proposed conduct could not be simply "training with firearms" because the zoning ordinance does not prohibit "training with firearms."[4] Rather, their proposed conduct is the construction and use of an outdoor, open-air 1,000-yard shooting range. And *that* conduct is clearly not covered by the plain text of the Second Amendment.

The Second Amendment reads in its entirety: "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *Heller*, the Supreme Court clarified that the operative clause "guarantee[s] the individual right to possess and carry weapons in case of confrontation" and that self-defense is the "central component" of the right. 554 U.S. at 592, 599 (emphasis omitted). *Bruen* reiterated that the Second Amendment "protect[s] the right of an ordinary, law-

---

[4] Moreover, plaintiffs' position that the "proposed conduct" is "training with firearms" would lead to an absurd result. In any future case, any proposed conduct touching on any type of firearms training would be presumptively protected by the plain text of the Second Amendment. In order to regulate, *e.g.*, the location or restriction of such training if challenged in court, a municipality would be required to reach the second step of the *Bruen* analysis and demonstrate that the regulation is consistent with the nation's historical tradition of firearms regulation. *Bruen* changed the landscape of Second Amendment jurisprudence, but it did not change it that far.

abiding citizen to possess a handgun in the home for self-defense" as well as "to carry a handgun for self-defense outside the home." 142 S. Ct. at 2122. And in applying the new standard, *Bruen* demonstrated how courts are to consider the "plain text."

> As we explained in *Heller*, the "textual elements" of the Second Amendment's operative clause— "the right of the people to keep and bear Arms, shall not be infringed"—"guarantee the individual right to possess and carry weapons in case of confrontation." *Heller* further confirmed that the right to "bear arms" refers to the right to "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person."

*Id.* at 2134 (citations omitted).

So after *Bruen*, Courts must look to whether "the Second Amendment's *plain text* covers an individual's conduct." *Id.* at 2129-30 (emphasis added). Even assuming that the Second Amendment offers ancillary or corollary protection for some forms of training, there is no way to read into the Amendment's "plain text" a right to use and construct a 1,000-yard shooting range. *Cf. Ezell*, 651 F.3d at 708 (describing "the right to maintain proficiency in firearm use" as only "an important *corollary* to the meaningful exercise of the *core right* to possess firearms for self-defense") (emphasis added).

Here, the plain text of the Amendment says nothing about long-range firing or even, for that matter, training more broadly. And as this Court has already said:

> None of the cases plaintiffs cite, and none of which the Court is aware, suggest that a municipality must permit a property owner (or a property lessee) to construct, and for interested gun owners to use, an outdoor, open-air, 1,000-foot shooting range, such as plaintiffs propose. Nor have plaintiffs cited a single case that suggests Howell Township must change its zoning ordinance to permit the construction and use of such a facility as a matter of right anywhere within the AR district, which in this case comprises fully two-thirds of the township's land. *The claimed right simply is not encompassed by the Second Amendment*.

(ECF No. 84, PageID.2089) (emphasis added).

Thus, the Court finds that the proposed course of conduct, construction and use of an outdoor, open-air 1,000-yard shooting range, is not covered by the plain text of the Second Amendment. The Court agrees with the Township that because this first question is answered in the negative, the Court need not reach the second (*i.e.* whether historical evidence demonstrates that the regulations are consistent with the nation's historical tradition of firearms regulation). *Bruen*, 142 S. Ct. at 2129-30; (ECF No. 94, PageID.2200-01). Accordingly,

IT IS ORDERED that the Township's motion to dismiss is again GRANTED.

**SO ORDERED.**

s/Bernard A. Friedman
Hon. Bernard A. Friedman
Senior United States District Judge

Dated: February 17, 2023
Detroit, Michigan